IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

STEPHANIE ELLEN CARLISLE and
RALEY POWELL DEARMAN, Individually
And on Behalf of All Wrongful Death Beneficiaries
of CHRISTOPHER POWELL, Deceased                                        PLAINTIFFS

VS.                                         CIVIL ACTION NO.: 4:11cv21 HTW-LRA

LAUDERDALE COUNTY, MISSISSIPPI; et. al.                           DEFENDANTS

### *REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION*
### *TO COMPEL DISCOVERY*

The Plaintiffs submit this Reply Memorandum of Law in Support of their Motion

to Compel Discovery, and shows unto the Court the following:

<u>As to the Missing Surveillance from May 3, 2010</u>

1.    The Plaintiffs would request that an Affidavit be prepared which sets forth

(1) all efforts to locate the video from May 3, 2010 in the booking area, (2) the length of

time the camera in question was down, (3) the repairs made to the camera in question, (4)

the date of the repairs, and (5) the entity making the repairs.  This information is needed

as those precise moments (i.e. Mr. Powell's arrival at the facility on May 3) are the

**critical** moments for this action.  Said video would clearly demonstrate the words and

actions of Mr. Powell upon his arrival that day which are hotly contested.  Therefore, the

Plaintiffs would request an Affidavit setting forth the above information be provided so

that the Plaintiffs can have evidence, under oath, of the missing video and the reasons for

the same.

<u>As to the Documents sought on other Inmates</u>

2.    The Defendant states that the Plaintiffs rejected a proposed resolution of redaction.  <u>See</u> Par. 5 of Response.  This is not entirely accurate.  The email which is attached to the Response only references inmates classified as "special management" and then further qualifies only those which were "suicidal".  This represents only a small fraction of those inmates in the facility which were classified as suicidal.  Records as to all of these inmates (whether "special management" or not) are relevant to this case for the reasons set forth in the Motion to Compel.  Specifically, those records are needed to compare to the records of Mr. Powell.  The records of those inmates which were unsuccessful in an attempt or never attempted due to being placed on suicide watch are the MOST relevant.  The entire case is premised on the failure of the Defendant to put Mr. Powell on suicide watch (i.e. which would have presumably prevented his suicide). The records are required in order to compare the demeanor, words, and actions noted of those inmates to that of Mr. Powell on May 3, 2010.

## **CONCLUSION**

For the reasons stated above, the Plaintiffs contend that the County should be compelled to produce any and all records as requested in the Motion to Compel.  The Plaintiffs seek any additional remedy available by Fed. R. Civ. P. 37 the Court desires to grant as well.

Dated, this the 26th day of January, 2012.

> Respectfully submitted,
>
> **STEPHANIE ELLEN CARLISLE AND RALEY POWELL DEARMAN, Natural Mother and Sister as well as Heir at Law of Christopher Powell, Deceased**
>
> By:  /s/Jay M. Kilpatrick
>        Jay M. Kilpatrick

J. Max Kilpatrick (MSB # 3760)
Attorney At Law
Post Office Box 520
Philadelphia, Mississippi 39350
PHONE:  (601) 656-7300
FAX:  (601) 656-0487

Jay M. Kilpatrick (MSB # 100136)
YoungWilliams PA
2000 Regions Plaza
Post Office Box 23059
Jackson, MS 39225-3059
Tel:  (601) 948-6100
Fax: (601) 355-6136

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on January 26, 2012, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel having previously formally appeared herein.

> /s/ Jay M. Kilpatrick
>       Jay M. Kilpatrick